## BAILEY VS. WRIGHT, ADM'R.

The rule established in England is, that if the complainant means to rely on the admissions, conversations, or confessions, of the defendant, whether oral or written, as evidence of facts charged in the bill, the bill must also specifically charge what those admissions, etc. are and to whom made; but, under the practice in this state, it is not necessary that the bill should contain any specific charge as to such admissions or in any way indicate that they will be relied on as evidence.

The notice to take depositions, to a party non-resident of the state, may, under the statute, be served on his attorney of record, and the fact, that it is inconvenient to the attorney to attend, cannot affect the sufficiency of the notice, or furnish any ground for suppressing the depositions.

*Appeal from Union Circuit Court in Chancery.*

HON. LEN. B. GREEN, Circuit Judge.

CARLETON, for appellant.

Mr. Justice COMPTON delivered the opinion of the Court.

The bill in this case was brought by Wright against Bailey for an account of their dealings as co-partners in the purchase and services of a stallion. The questions mainly relied on for a reversal of the decree, relate to the admissibility of certain evidence which Bailey, the defendant below and appellant here, moved to suppress, but which was read on final trial.

Bailey, it appears, had the conclusive management of the co-partnership affairs, and his oral admissions as to the amount of business done, were proven by the deposition of the witness McDonald. The bill, however, contained no specific charge as to such admissions, nor in any way indicated that they would be relied on as evidence in the case; and for this reason, so much of the deposition of McDonald as proved Bailey's admissions was objected to as incompetent.

The rule established in England is, that if the plaintiff means to rely on the admissions, conversations, or confessions of the

defendant, whether written or oral, as evidence of facts charged in the bill, the bill must also specifically charge what those admissions, conversations or confessions are, and to whom made, otherwise, no proof of them will be admitted at the hearing. The reason of the rule seems to be, that otherwise the defendant may be surprised, because he cannot know that such evidence is intended to be proved, as, under the English practice in chancery, the witnesses are examined in secret upon interrogatories not previously made known to the other party, and their testimony studiously concealed until after publication is authorized by the court. But, in Arkansas, the practice is different. Here, the interrogatories propounded to the witnesses are known to the adverse party either before or at the time of examination; consequently, neither party can be taken by surprise. Why, then, adopt the rule when the reason upon which it is founded in England, does not exist here? We are aware of no general principle upon which it can be maintained. On the contrary, all know that, in general, it is not necessary to state in the bill the materials of proof by means of which the facts charged in the bill are to be supported. This is the general rule, and why admissions or conversations to be used as evidence, should constitute an exception to it, we cannot understand. The English doctrine was ably discussed in *Smith vs. Burnham*, 2 *Sumner Rep.* 612, by Mr. Justice STORY, who questioned its soundness upon principle, and refused to apply it, remarking that so far as his own recollection of the practice in the courts of the United States had gone, he had not the slightest knowledge that any such exception had ever been urged in the circuit courts, or in the supreme court, although numerous cases had existed, in which, if it was a valid objection, it must have been highly important, if not absolutely decisive, and that his impression was, that, in America, the generally received, if not the universal practice was against the validity of the exception. The same learned Judge, in his Commentaries on Equity Pleading (*4th Edition sec.* 265 *a.*) after stating the rule as established in England, says: " Whether the like

rule will be allowed to prevail in America, may be deemed a matter open to much doubt; for the like reason does not here prevail, either to justify or require it, as all the interrogatories and cross-interrogatories, put or intended to be put to the witnesses, are required to be made known to the other party before any of them are examined, or at the time of examination; and thus, neither party can be under any surprise, if the interrogatories point to any confessions, or conversations, or admissions, made to any witness." And by way of annotation, he adds: "The doctrine does not seem to be founded upon any very clear and intelligible principle. A confession, a conversation, or an admission, is manifestly competent evidence of any fact, which is in issue between the parties, to establish that fact. In a trial at law, it is not necessary to give the other party any previous notice that the intention is to rely on evidence of such confession, admission, or conversation. Why the rule should be otherwise in equity, it is not easy to say." We have been referred to no case in this country, nor has one fallen under our observation, in which the rule established in England has been adopted. In the absence, then, of American authority to the contrary, and aware of no principle upon which the doctrine can rest, under our practice, we hold there was no error in the decision of the chancellor overruling the defendant's exception to the evidence.

Nor was there error in refusing to suppress the deposition of the witness, Bustin. The defendant being non-resident, previous notice of the taking of the deposition was served, in apt time, on his attorney of record. This was in strict compliance with the provisions of our statute. The fact, that, at the time of the service, the attorney was about starting to a distant court, from whence he could not return until too late to be present at the examination, and had not time, before starting, to employ a person to represent him, manifestly cannot affect the sufficiency of the notice, or furnish any reasonable ground for the suppression of the depositions.

In the court below, the sum of $375.50 was decreed against the

defendant, which, it is insisted, was erroneous. The answer of the defendant, as copied into the transcript, falls far short of giving a clear and satisfactory account of the co-partnership affairs, and is successfully contradicted as to the amount of the business transacted. Assuming it to be true, however, in all other respects, we have not been able to perceive, upon a careful examination of the evidence in the record, how a less sum could have been decreed.

Let the decree be affirmed.